# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE A. FINKS,<br><br>                    Plaintiff,<br>   v.<br>KEVIN THOMAS, Adult Parolem, Anaheim,<br><br>                    Defendant. | CASE NO. 15cv2048 WQH (JMA)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is Plaintiff Duane A. Fink's Motion for Leave to Proceed In Forma Pauperis. (ECF No. 2).

On September 14, 2015, Plaintiff, proceeding pro se, initiated this action by filing a complaint. (ECF No. 1). On November 14, 2015, Plaintiff also filed the Motion to Proceed in Forma Pauperis ("IFP"). (ECF No. 2).

## I.   Motion to Proceed IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In his affidavit accompanying the motion to proceed IFP, Plaintiff states that he

is unemployed, disabled, and in the past twelve months has only received income from his SSI benefits. (ECF No. 2 at1). Plaintiff states that he does not own an automobile, does not have a bank account, and does not have significant assets. *Id.* at 2. The Court has reviewed Plaintiff's affidavit of assets and finds it sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action. The Court therefore grants the motion to proceed IFP pursuant to 28 U.S.C. § 1951(a).

## II.   Initial Screening of Complaint

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a).

In this action, the Court finds that Plaintiff's Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and that Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

///

///

### III. Conclusion

IT IS HEREBY ORDERED that the motion to proceed IFP (ECF No. 2) is granted. The Clerk of Court shall issue a summons and provide Plaintiff with the summons, certified copies of both this Order and the Complaint, and a blank U.S. Marshal Form 285. Plaintiff shall complete the U.S. Marshal Form 285, and forward the Form 285 and the designated copies of this Order and the Complaint to the U.S. Marshal. The U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the U.S. Marshal Form 285.

DATED: November 18, 2015

**WILLIAM Q. HAYES**
United States District Judge