1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DUANE A. FINKS,

                                    Plaintiff,

        v.

KEVIN THOMAS, Adult Parole,
Anaheim,

                                    Defendant.

CASE NO. 15cv2048-WQH-JMA

ORDER

HAYES, Judge:

        The matter before the Court is the "Motion to Dismiss Portions of Plaintiff's Complaint" (ECF No. 6) filed by Defendant Kevin Thomas.

## I. Background

        On September 14, 2015, Plaintiff Duane A. Finks initiated this action by filing a Complaint, alleging violations of 42 U.S.C. § 1983 against his parole officer, Defendant Kevin Thomas stemming from Plaintiff's arrest in Anaheim, California.[1] (ECF No. 1).  On September 14, 2015, Plaintiff also filed a motion to proceed in forma pauperis.  (ECF No. 2).

        On November 18, 2015, the Court granted Plaintiff's motion to proceed in forma pauperis.  (ECF No. 3).

        On March 23, 2016, Defendant filed a motion to dismiss.  (ECF No. 6).  The

_____

        [1] In the Complaint, Plaintiff indicates that he resides in La Palma, California, that Defendant is a parole agent in Anaheim, California, and that the events underlying this action occurred in Anaheim, California.  Defendant did not raise the issue of venue in the motion to dismiss.

1   docket reflects that no response has been filed.

2   **II. Allegations of the Complaint**

3       Plaintiff alleges that on June 30, 2015, Parole Agent Kevin Thomas arrested him

4   for a parole violation—specifically for "disabling [his] GPS device by allowing it to go

5   dead." (ECF No. 1 at 3). Plaintiff alleges that his GPS device was malfunctioning

6   again after being serviced twice in the preceding eight weeks or so. Plaintiff alleges

7   that he "repaired the malfunction verbally AND by email." *Id.* Plaintiff alleges that

8   "with no investigation, [he] was held in custody 44 days—until [his] revocation hearing

9   in Superior Court." Plaintiff alleges that at the parole revocation hearing, "the judge

10   determined the device had malfunctioned, and there was NO EVIDENCE of a parole

11   violation." *Id.* Plaintiff alleges that as a result, his "SSI award, Medical, and

12   hemodialysis treatment facility all ended." *Id.*

13   **III. Discussion**

14       Defendant contends that Plaintiff's allegations support two claims: (1) Fourth

15   Amendment right to be free from unlawful seizure (improperly labeled cruel and

16   unusual punishment in the Complaint); and (2) state-law malicious prosecution

17   (improperly labeled as false imprisonment in the Complaint). Defendant contends that

18   Plaintiff's state claim for malicious prosecution should be dismissed because Defendant

19   is immune from a state-law malicious prosecution claim under California Government

20   Code section 821.6 and 845.8. Defendant contends that Plaintiff cannot amend his

21   Complaint to cure the defect of his state claim because Defendant has immunity from

22   state claims relating to arresting Plaintiff on a parole hold. Defendant further contends

23   that Plaintiff's state-law claim should be dismissed because Plaintiff has not alleged

24   compliance with the Government Claims Act.

25       A district court may properly grant an unopposed motion pursuant to a local rule

26   where the local rule permits, but does not require, the granting of a motion for failure

27   to respond. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal

28   for failing to oppose a motion to dismiss, based on a local rule providing that "[t]he

1  failure of the opposing party to file a memorandum of points and authorities in
2  opposition to any motion shall constitute consent to the granting of the motion"). Civil
3  Local Rule 7.1 provides: "If an opposing party fails to file the papers in the manner
4  required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the
5  granting of a motion or other request for ruling by the court." S.D. Cal. Civ. Local Rule
6  7.1(f)(3)(c). "Although there is . . . a [public] policy favoring disposition on the merits,
7  it is the responsibility of the moving party to move towards that disposition at a
8  reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d
9  1447, 1454 (9th Cir. 1994) (quoting *Morris v. Morgan Stanley & Co.*, 942 F.2d 648,
10  652 (9th Cir. 1991)) (affirming dismissal for failure to prosecute).

11         The docket reflects that Plaintiff has failed to file an opposition as required by
12  Civil Local Rule 7.1.e.2. Defendant Thomas obtained a hearing date of May 23, 2016
13  for the pending Motion to Dismiss. *See* ECF No. 6. Pursuant to the local rules,
14  Plaintiff was to file any response to the Motion to Dismiss no later than May 9, 2016,
15  fourteen days prior to the hearing date. The docket reflects that Plaintiff has failed to
16  file a response to the Motion to Dismiss. The Court construes Plaintiff's failure to
17  oppose the Motion to Dismiss as "a consent to the granting of" the motion to dismiss.
18  S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). The Court further concludes that "the public's
19  interest in expeditious resolution of litigation," "the court's need to manage its docket,"
20  and "the risk of prejudice to the defendants" weigh in favor of granting the motion to
21  dismiss for failure to file an opposition. *Ghazali*, 46 F.3d at 53. Defendant's motion
22  to dismiss is granted. Plaintiff's state-law claim for malicious prosecution is dismissed
23  with prejudice. Plaintiff's Fourth Amendment claim remains pending.
24  ///
25  ///
26  ///
27  ///
28  ///

**IV. Conclusion**

  IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 6) filed by Defendant Thomas is granted.  Plaintiff's state-law claim for malicious prosecution is dismissed with prejudice.

DATED:  August 2, 2016

**WILLIAM Q. HAYES**
United States District Judge